

**Signed and Filed: July 21, 2011**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                ) Bankruptcy Case
                                     ) No. 10-34401DM
STANLEY ALAN RAMIREZ and ANN         )
MARGARET KENNEDY,                    ) Chapter 13
                                     )
                    Debtors.         )
_____)

ORDER ALLOWING ATTORNEYS FEES AND COSTS

    Counsel for debtors, Brette L. Evans, Esq., has represented debtors since the commencement of this case on November 3, 2010. On July 20, 2011, the court considered her Application for Allowance of Compensation and Reimbursement of Expenses (the "Application"). Debtors' chapter 13 plan was scheduled for confirmation on the same date.

    On November 2, 2011, debtors and Ms. Evans signed the court's Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys ("R&R"). They previously signed a Chapter 13 Retainer Agreement ("Agreement"). When the voluntary petition was filed, Ms. Evans filed her Statement Pursuant To Rule 2016(B) (the "Statement").

    The Statement reflected that the compensation for legal services to be rendered in the connection with the case would be $6550. This amount is consistent with the maximum initial fees

-1-

("Guideline Fees") in the court's Guidelines For Payment of Attorney's Fees in Chapter 13 Cases, quoted in the R&R. And in the Agreement, the parties agreed that the minimum fee would be "$ See Guidelines in Rights and Resp."

The R&R plainly establish that "Absent unexpected and unusual circumstances..." the Guideline Fees will be the only allowed compensation for the Basic Services. See also ¶4 of the Guidelines for Payment of Attorney's Fees in Chapter 13 Cases (San Francisco Division ("Guidelines"). They also contemplate, however, that an attorney seeking fees in excess of the Guideline Fees may do so by following the procedure Ms. Evans followed here. See ¶6 of Guidelines. The Agreement, in ¶ 1D, is consistent with setting forth the procedure of counsel to seek more than the minimum fee.

The problem is here is the court believes that counsel needs to be more precise in informing the court and debtors when fees in excess of the Guideline Fees will be sought for services rendered prior to confirmation. This way there will be no misunderstanding by the court, debtors or the trustee that more than the Guideline fees will be sought. Stated otherwise, the "unexpected and unusual circumstances" must be identified and disclosed, both in any retainer agreement such as the Agreement and in the R&R. Further, counsel should include in the Statement a notation that additional fees will likely be sought for pre-confirmation services.

In this case Debtors do not question Ms. Evans' fees, nor does the court. Her services are actual and necessary and her fees are reasonable. Accordingly, while no adjustment is

Case: 10-34401    Doc# 83    Filed: 07/21/11    Entered: 07/25/11 10:12:18    Page 2 of 3

necessary, Ms. Evans should ensure that this problem does not arise again in future cases.  She should make sure that the R&R, any retainer agreement and any Rule 2016(b) statement alert the court, the debtors and the trustee that requested pre-confirmation fees will likely exceed the Guideline Fees.

Based on the foregoing,

IT IS HEREBY ORDERED that the Application is allowed as filed, and Ms. Evans' fees in the sum of $15,870 and costs in the sum of $279.60 are allowed, and

IT IS FURTHER ORDERED that the trustee is authorized to pay the unpaid balance in the amount of $14,649.60.

***END OF ORDER***

Case: 10-34401   Doc# 83   Filed: 07/21/11   Entered: 07/25/11 10:12:18   Page 3 of 3